IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY HECTOR MARRERO, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, et al., | : | No. 14-6231 |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                                             November 24, 2014
U.S. MAGISTRATE JUDGE

      Petitioner Tracey Hector Marrero, a prisoner at the State Correctional Institution in La Belle, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raises a claim based on Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012), in which the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[1]  Marrero also relies on Songster v. Beard et al., No. 04-5916, 2014 WL 3731459, at *2-*4 (E.D. Pa. July 29, 2014) (Savage, J), in which this Court held that Miller should apply to petitions for collateral relief, like this one.[2]  That decision is currently on appeal

---

[1]     Marrero was sentenced to life imprisonment without parole and he was 17 years old when he committed the crimes underlying his convictions.  See Attachment to Habeas Pet. (doc.1); Crim. Docket at 1-2 (Marrero's birth date is June 10, 1972 and the offense dates are January 19, 1990).

[2]     Although Marrero did not file his habeas petition within one year of his final conviction or Miller, he did file it within one year of Songster.  See Habeas Pet. (doc. 1) at 4; See Commonwealth v. Marrero, CP-51-CR-0314733-1990, Crim. Docket at 3; see also Commonwealth v. King, 2:14-cv-05150-JHS (Slomsky, J) (staying a habeas where petitioner did

to the United States Court of Appeals for the Third Circuit.  See Songster v. Sec. Pa. Dep't of Corr., No. C.A. 12-3941.  Because the Third Circuit's decision and any Supreme Court appeal of that decision will impact the timeliness and merit of Morrero's habeas petition, I recommend that the petition be STAYED and held in ABEYANCE pending the final resolution of Songster.[3]  Marrero should be directed to return to this Court within 30 days of a final appellate decision in Songster.  See Rhines v. Weber, 544 U.S. 269, 276-78 (2005).

It is further recommended that there is no probable cause to issue a certificate of appealability.[4]  The parties may file objections to this Report and Recommendation within 14 days after being served with a copy thereof.  See Local Civ. R. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

*/s/ Timothy R. Rice*
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

not file within one year of his final conviction or Miller, but filed within one month of Songster.)

[3]    Morrero also has a Post-Conviction Relief Act petition with a Miller claim pending in the Pennsylvania state courts.  See Habeas Pet. at 4; Crim. Docket at 3.  However, since Morrero filed that petition, the Pennsylvania Supreme Court has held that Miller does not apply retroactively to prisoners, such as Morrero.  See Commonwealth v. Cunningham, 81 A.3d 1, 11 (Pa. 2013); see also Hab. Pet. at 13 (recognizing Miller issue cannot be litigation in state court because of Cunningham).  Thus, Morrero's state collateral petition will likely be dismissed based on that decision.

[4]    Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Therefore, no certificate of appealability should be granted.  See id.